**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFONSO RUBIO-AYALA,

Defendant - Appellant.

No. 15-3194
(D.C. No. 5:09-CR-40041-JAR-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

After Mr. Rubio-Ayala pleaded guilty to federal drug charges, the district court consulted the advisory guidelines and found that it recommended a life sentence given Mr. Rubio-Ayala's criminal history category of I and his adjusted offense level of 43. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) ch. 5, pt. A (2010). Heeding the guidelines' advice, the district court proceeded to enter the recommended sentence.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

But later the sentencing commission amended the guidelines applicable to Mr. Rubio-Ayala's crime, retroactively lowering his base offense level by 2 levels. *See* U.S.S.G. supp. app. C, amends. 782, 788 (2014). In response to this development, Mr. Rubio-Ayala sought a sentence reduction under 18 U.S.C. § 3582(c). The district court granted the motion, recalculated Mr. Rubio-Ayala's offense level as 42 and his guidelines range as 360 months to life, and resentenced him to the bottom of that range.

In this appeal Mr. Rubio-Ayala takes issue with the district court's math. He notes that the district court calculated his new adjusted offense level as 42, observes that 43 minus 2 is 41 (not 42), and from this concludes that his revised offense level should be 41 and his amended guidelines range 324 to 405 months. *See* U.S.S.G. ch. 5, pt. A (2010).

But as counterintuitive as it might first seem, the district court's math is exactly right. That's because the amendments to the sentencing guidelines affected Mr. Rubio-Ayala's base offense level, not his final adjusted offense level. Consider how the math unfolds. At Mr. Rubio-Ayala's original sentencing, the district court applied a base offense level of 38. *See id.* § 2D1.1(c)(1). To this, the court added 2 levels for possession of a firearm, 2 levels for importation of methamphetamine, and 4 levels for playing a leadership role in the offense. And from this the court subtracted 2 levels for acceptance of responsibility. Tallying up these enhancements and reductions, the district court calculated a

final adjusted offense level of 44. But the advisory guidelines' "sentencing table" tops off at level 43, so the district court treated Mr. Rubio-Ayala's offense level as if it were just that. *See id.* ch. 5, pt. A, Application Note 2. Then along came Amendments 782 and 788. By their terms, they authorized the district court to consider retroactively reducing Mr. Rubio-Ayala's base offense level. *See* U.S.S.G. supp. app. C, amends. 782, 784 (2014). So it is the district court properly recalculated Mr. Rubio-Ayala's guidelines range beginning with a base offense level of 36 instead of 38. *Compare* U.S.S.G. § 2D1.1(c)(1) (2010), *with* U.S.S.G. supp. app. C, amend. 782 (2014). Adding to and subtracting from this new base offense level the same enhancements and deductions it applied at Mr. Rubio-Ayala's original sentencing, the district court landed on a new adjusted offense level of 42. And as the district court correctly concluded, this new adjusted offense level yields a guidelines range of 360 months to life in prison. *See* U.S.S.G. ch. 5, pt. A (2010).

The judgment of the district court is affirmed. Mr. Rubio-Ayala's motion to proceed in forma pauperis is denied, and he is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge